UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**LELAND FOSTER**,                              )
                                               )
              Plaintiff,        )    Case No. 4:24-cv-12320
v.                                             )
                                               )
                                               )    Judge:
**GRAND LODGING, INC.**, A                     )
Michigan corporation for profit.               )
                                               )
              Defendant.

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Grand Lodging, Inc., a Michigan corporation for profit for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. §

1

1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.      Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*.  The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4.      Plaintiff, LELAND FOSTER  ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.      Defendant Grand Lodging, Inc. operates and owns a Comfort Inn & Suites located at 1359 Grand Pointe Ct, Grand Blanc Twp, MI 48439 in Genesee County. Plaintiff has patronized Defendant's hotel and business previously as

a place of public accommodation.

6. Upon information and belief, the hotel owned and operated by the Defendant was originally built by the Defendant or its predecessor in interest commencing in 1998 and was granted permits for first occupancy in 1999; was last renovated in 2017 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. Upon information and belief, the facilities owned and operated by Grand Lodging, Inc. are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

8. The discriminatory violations described in Paragraph 18 by Defendant Grand Lodging, Inc. are not an exclusive list of the Defendant's ADA violations.

Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to access for people with disabilities. The plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

9.   Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

10.  Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and

walking, as defined by the ADA and its regulations thereto.  Plaintiff has been an overnight hotel guest at the property that forms the basis of this lawsuit, most recently on or about June 3-4, 2023, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.

11. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including weekly adaptive tennis, frequent adaptive rock wall climbing, kayaking, adaptive hand cycle events and skiing in Southeast Michigan.  Through his participation in adaptive sports, Leland Foster has established many friendships in the area with whom he socializes regularly and with whom he frequents many establishments in the Genesee County region.  Frequently his trips and events require overnight accommodations.

12. On this specific occasion Mr. Foster was in the area for Disability Dirt Days to be a participant in off-roading at Holly Oaks ORV Park.

13. Plaintiff also obtains medical treatment in southeast Michigan including regular physical therapy at Level Eleven Physical Therapy in Howell, MI and his primary care doctors are located at Michigan Medicine, the University of Michigan hospital in Ann Arbor, MI.  These trips too also require occasional overnight accommodations within the immediate area.

14. During the Plaintiff's stay, and most recently on the night of June 3, 2023,

Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety.

15.   Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal

harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

16. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

17. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

18. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or

fewer employees and gross receipts of $500,000 or less).

19.     A preliminary inspection of Comfort Inn & Suites, including its facilities, has

shown that many violations of the ADA exist.  These violations include, but

are not limited to:

Access to Goods and Services

A.  The hotel registration transaction counter exceeds 36 inches above the finish
floor and does not have a lowered portion for customers who use
wheelchairs, in violation of the ADA whose remedy is strictly required or at
minimum is readily achievable.

B.  There are items and amenities in the breakfast area whose operable parts
exceed allowable reach range, in violation of the ADA and Section 308.2.1
of the 2010 Standards and 1991 ADAAG section 4.27.3, whose remedy is
strictly required or, at minimum, readily achievable.

C.  There is not at least 36 inches of maneuvering clearance between fitness
equipment, in violation of the ADA and Section 403.5.1 of the 2010
Standards and Section 4.3.3 of the 1991 Standards, whose remedy is strictly
required or, at minimum, is readily achievable.

D.  There are items in the guest self-serve convenience area that are located
above allowable reach range, in violation of the ADA and Section 308.2.1
of the 2010 Standards, whose remedy is strictly required or, at minimum,
readily achievable.

Parking and Accessible Routes

E.  The passenger loading zone lacks a marked access aisle, in violation of the
ADA and Section 503 of the 2010 Standards, whose remedy is strictly
required or, at minimum, readily achievable.

F.  A bench obstructs the required clear width of the accessible route from the
designated accessible parking to the entrance, in violation of the ADA and

section 403.5.1 of the 2010 Standards and 1991 ADAAG section 4.3.3, whose remedy is strictly required or, at minimum, readily achievable.

G.  Some designated accessible parking lacks required access aisles, in violation of the ADA and section 502.2 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

Lobby Restrooms

H.  The men's restroom water closet is mounted below required seat height, in violation of the ADA and section 604.4 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

I.  The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

J.  Men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and Section 606.5 of the 2010 Standard and 4.19.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

K.  Paper towel dispensers are mounted so that their operable parts exceed 48 inches in reach range above the finish floor, in violation of the ADA and Section 308.2.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

L.  Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the restroom is necessary.

Pool Area Restrooms

9

M. The men's restroom toilet paper dispenser is not mounted as required and impedes use of the side grab bar, in violation of the ADA and sections 604.7 and 609.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

N. The coat hook in the men's restroom toilet compartment is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Sections 4.2.5 and 4.27.3, whose remedy is strictly required or, at minimum, readily achievable.

O. The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

P. Men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and Section 606.5 of the 2010 Standard and 4.19.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Q. A waste receptacle is blocking the clear floor space to access the paper towels, in violation of the ADA and section 305.3 of the 2010 Standards and 4.2.4.1 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

R. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the restroom is necessary.

Guest Rooms

S. Upon information and belief, there is not the required number of designated accessible guestrooms with mobility features, whereas for a hotel with 82 total guest rooms, three mobility accessible rooms without roll-in showers are required and one with a roll-in shower is required, totaling four (4) guest rooms with mobility features, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

T.  The designated accessible guestrooms are not disbursed among the varied types, prices and classes of lodging options of guestrooms, including a lack of accessible suites, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

U.  Upon information and belief, other mobility designated accessible guestrooms fitted with a roll-in shower (or other type) have similar violations of the ADA and its implementing regulations as noted in guestroom #133 as well as other barriers, the removal of which is strictly required and or is at minimum readily achievable.  Further inspection of these rooms is required.

Designated Mobility Accessible Guestroom #133

V.  Signage for the guestroom does not contain the international symbol of accessibility identifying it as a guestroom equipped with mobility features, in violation of the ADA and section 704.3.2 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or, at minimum, readily achievable.

W.  Locking hardware for the adjoining room door requires tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

X.  The bed lacks required maneuvering clearance around in, in violation of the ADA and Section 806.2.3 of the 2010 Standards and Section 9.2.2 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Y.  There is no fixed seat in the roll-in shower, in violation of sections 608.4 of the 2010 ADA Standards and 1991 ADAAG sections 9.1.2, figure 57(a), figure 57(b) and 4.21.3, whose remedy is strictly required or, at minimum, readily achievable.

Z.  Roll-in shower faucet controls, while located on the back wall, are not located adjacent to the seat (which is missing), in violation of the ADA and Sections 608.4 and 608.5.2 of the 2010 Standards and 1991 ADAAG

sections 9.1.2, 4.21.3and 4.21.5, figure 57(a), figure 57(b), whose remedy is strictly required or, at minimum, readily achievable.

AA.     Grab bars inside the shower compartment are missing and non-compliant, in violation of the ADA and section 608.3 of the 2010 Standards and 1991 ADAAG section 4.21.4, whose remedy is strictly required or, at minimum, readily achievable.

BB.     A portable shower seat provided is provided but this does not conform to the 1991 or 2010 standards, see paragraph Y above, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.

CC.     The bathroom mirror is located above 40 inches from the finish floor to its reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

DD.     Bathroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and Section 606.5 of the 2010 Standard and 4.19.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

EE.     The water closet flush control is not located on the open side of the unit, in violation of the ADA and section 604.6 of the 2010 Standards and 1991 ADAAG Section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

FF. The toilet paper dispenser is not located as required, in violation of the ADA and section 609.3 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

GG.     The door locking hardware on the bathroom door requires tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

HH.     The emergency instructions are located above allowable height, in violation of the ADA and section 703.5.6 of the 2010 Standards and 1991 ADAAG section 4.30.6, whose remedy is strictly required or, at minimum,

readily achievable.

II. The curtain adjusters are located above allowable reach range and require tight grasping or twisting to operate, in violation of the ADA and sections 308.2.1 and 309.4 of the 2010 Standards and 1991 ADAAG sections 4.25.3 and 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

JJ. There are amenities, including an iron, located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

KK.     The maneuvering clearance to access the lamp controls is blocked by furniture, in violation of the ADA and section 305.3 of the 2010 Standards and 1991 ADAAG section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

Policies and Procedures

LL.     The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA, whose remedy is strictly required or at minimum is readily achievable.

MM.     The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

20.  The discriminatory violations described in Paragraph 19 by Defendant are not

an exclusive list of the Defendant's ADA violations.  Plaintiff requires further

inspection of the Defendant's place of public accommodation and facilities in

order to determine, photograph and measure all of the discriminatory acts

violating the ADA and areas of non-compliance with the Americans with

Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

21.   Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22.   The hotel at issue, as owned and operated by Grand Lodging, Inc., constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

23.   Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those

specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

24.  The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

25.  Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

26.  Plaintiff restates the allegations of ¶¶1-25 as if fully rewritten here.

27.  Grand Lodging, Inc. operate a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

28.  Defendant committed unlawful acts pursuant to M.C.L §37.1302(a) by denying

Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant's property has been constructed and maintained without regard to the ability of patrons with mobility impairment, such as Mr. Foster specifically, to use their hotel facilities, including the transient lodging guestroom bathroom and bathing facilities, without difficulty and limitations.

29.   Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all alterations, or at minimum readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow

full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com